IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01428-BNB

ROBERT BRANTNER,

    Plaintiff,

v.

BILL RITTER, Governor of the State of Colorado (in official and individual capacity),
ARISTEDES ZAVARAS, Director, Colorado Department of Corrections
    (in official & individual capacity),
BARRY PARDUS, Medical Director, Colorado Department of Corrections at
    Territorial Correctional Facility (in official & individual capacity),
JANE OR JOHN DOE, Medical Department Administrator for Colorado Department of
    Corrections at Territorial Correctional Facility (in official & individual capacity),
DEBORAH MONTOYA, Medical Department, Administrator for
    Colorado Department of Corrections, Minimum Restricted Cañon City
    Correctional Facility (in official & individual capacity), and
UNKNOWN JANE AND JOHN DOES That Are Employees or Agents of the
    Colorado Department of Corrections – Whom Have Had at Some Epoch Direct
    Involvement (in official & individual capacity).

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 14 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Robert Brantner, was a prisoner in the custody of the Colorado Department of Corrections (DOC). He currently is in a community corrections center in Pueblo, Colorado. He initiated the instant action by filing *pro se* a complaint titled "Civil Rights Complaint Pursuant to Title 42 U.S.C. § 1983 *et seq.*" and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On June 18, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Brantner to cure certain deficiencies in the case. Magistrate Judge Boland ordered him to file on

the proper, Court-approved forms within thirty days a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. On June 30, 2009, and July 9, 2009, respectively Mr. Brantner filed on the proper, Court-approved forms a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. Mr. Brantner will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Although Mr. Brantner technically cured the deficiencies as directed, he failed to comply with the spirit of the June 18, 2009, order and utilize the Court's complaint form to assert his claims. Instead, he opted to assert no claims on the complaint form and simply to attach to the complaint form the "Civil Rights Complaint Pursuant to Title 42 U.S.C. § 1983 *et seq.*" he originally filed. However, the amended complaint and the action will not be dismissed for that reason.

The Court must construe the amended complaint liberally because Mr. Brantner is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Brantner will be ordered to file a second amended complaint.

The amended complaint Mr. Brantner filed asserts jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 28 U.S.C. § 1343(a)(3), and pursuant to 18 U.S.C. §§ 241, 242, and 245. Mr. Brantner asks for money damages and declaratory relief.

*Pro se* litigants may not recover an award of attorney's fees pursuant to 42 U.S.C. § 1988. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.*

To the extent Mr. Brantner is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241, 242, and 245, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Brantner lacks standing to maintain a criminal action.

Mr. Brantner claims that he lost the mobility and feeling in his left arm as a result of four failed surgeries and the defendants' deliberate indifference to his serious medical needs while he was incarcerated in the DOC. However, he fails to allege each defendant's personal participation in the asserted claims. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brantner must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative

Case 1:09-cv-01428-REB-CBS Document 7 Filed 07/14/09 USDC Colorado Page 4 of 7

link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Colorado Governor Bill Ritter or DOC Executive Director Aristedes Zavaras may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Brantner may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Brantner uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Lastly, the second amended complaint Mr. Brantner will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Brantner to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). He also must clarify which claims are asserts pursuant to which statute. Accordingly, it is

ORDERED that Plaintiff, Robert Brantner, is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Brantner file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brantner, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Brantner fails within the time allowed to file a second amended complaint that complies with the particulars of this order to the Court's

satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01428-BNB

Robert Brantner
716 S. Joe Martinez Lane
Pueblo West, CO 81007

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  7/14/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk