IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01428-BNB

ROBERT BRANTNER,

    Plaintiff,

v.

BILL RITTER, Governor of the State of Colorado (in official & individual capacity),
ARISTEDES ZAVARAS, Director, Colorado Department of Corrections
    (in official & individual capacity),
BARRY PARDUS, Medical Director, Colorado Department of Corrections
    (in official & individual capacity),
JANE OR JOHN DOE, Medical Department Administrator for Colorado
    Department of Corrections at Territorial Correctional Facility (in official &
    individual capacity),
DEBORAH MONTOYA, Medical Department Administrator for Colorado
    Department of Corrections, Minimum Restricted Cañon City Correctional Facility
    (in official & individual capacity),
UNKNOWN JANE AND JOHN DOES that are Employees or Agents of the Colorado
    Department of Corrections Whom Have Had at Some Epoch Direct Involvement
    (in official & individual capacity(s))

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Robert Brantner, alleges that he currently resides at a community corrections facility, Community Alternatives El Paso County in Pueblo, Colorado. He filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 28 U.S.C. § 1343(a)(3), and pursuant to 18 U.S.C. §§ 241, 242, and 245.

On July 14, 2009, Magistrate Judge Craig B. Shaffer ordered Mr. Brantner to submit within thirty days a second amended complaint on the proper, Court-approved

form that asserted each Defendant's personal participation in the alleged constitutional violations and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The July 14 order also informed Mr. Brantner that he lacked standing to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241, 242, and 245, and that *pro se* litigants may not recover an award of attorney's fees pursuant to 42 U.S.C. § 1988. On August 3, 2009, Mr. Brantner submitted a second amended complaint for money damages and declaratory relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 28 U.S.C. § 1343(a)(3).

Mr. Brantner has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the second amended complaint liberally because Mr. Brantner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed, in part, pursuant to 28 U.S.C. § 1915 as legally frivolous.

Mr. Brantner alleges that, while he was incarcerated in the Colorado Department of Corrections (DOC), he suffered an injury in 1995 to his left shoulder, and then lost

the mobility and feeling in his left shoulder, arm, and hand as a result of four failed surgeries in 1996, 1998, and 2007, and as a result of Defendants' deliberate indifference to his serious medical needs. He also alleges that Defendants failed to abide by medical policy in meeting his medical needs. Mr. Brantner maintains that he was approved by the DOC's medical insurance carrier for shoulder-replacement surgery but that the DOC allowed the approval to lapse without the surgery being performed before he was released in January 2009 to community corrections. He contends that he remains in pain and in need of the surgery in order to regain some mobility in his left shoulder, arm, and hand.

Although given the opportunity to do so, Mr. Brantner still fails to allege personal participation in the constitutional violations by any Defendant, except Mr. Zavaras. As Magistrate Judge Shaffer informed Mr. Brantner in the July 14, 2009, order for a second amended complaint, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brantner must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendants, such as Governor Bill Ritter, Barry Pardus, Deborah Montoya, or the Jane and John Does, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v.**

3

*Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, the claims against these Defendants will be dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous. Accordingly, it is

ORDERED that the amended complaint is dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims asserted against the following Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous: Governor Bill Ritter, Barry Pardus, Deborah Montoya, and the Jane and John Does. It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Governor Bill Ritter, Barry Pardus, Deborah Montoya, and the Jane and John Does as parties to this lawsuit. The only remaining Defendant is Aristedes Zavaras. It is

FURTHER ORDERED that the claims against the remaining Defendant and the action are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the motion for summary judgment that Plaintiff, Robert Brantner, filed with the Court on August 11, 2009, is denied without prejudice as premature.

DATED at Denver, Colorado, this 14 day of Aug , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01428-BNB

Robert Brantner
716 S. Joe Martinez Lane
Pueblo West, CO 81007

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/17/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk