IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01428-REB-CBS

ROBERT BRANTNER, pro se,
    Plaintiff,
v.

ARISTEDES ZAVARAS – Director Colorado Department of Corrections – (in official & individual capacity),
    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendant Zavaras' Motion to Dismiss (filed Oct. 23, 2009) (doc. #16); (2) "Plaintiff's [Renewed] Motion for Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56(a)(1); (c); *et seq*. and D.C.COLO. LCivR 56.1 [sic]" (filed December 2, 2009) (doc. # 20); and (3) Defendant Zavaras' "Motion to Strike Plaintiff's Renewed Motion for Summary Judgment . . ." (filed December 28, 2009) (doc. # 22). Pursuant to the Order of Reference dated August 19, 2009 (doc. #13) and the memoranda dated October 23, 2009 (doc. # 17), December 3, 2009 (doc. # 21), and December 29, 2009 (doc. # 23), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Brantner's Response (filed Nov. 24, 2009) (doc. #19), the entire case file, the pleadings, and the applicable law and is sufficiently advised in the premises.

1

I.  Background

As of August 3, 2009, Mr. Brantner was an inmate housed at Community Alternatives El Paso County (CAE).  (*See* Second Amended Complaint ("SAC") (doc. # 9) at p. 6 of 42).  Mr. Brantner first entered the Colorado Department of Corrections (DOC) in 1994 and sustained an injury to his left shoulder area in the following year. (*Id.*)  In 1996, Brantner had the first of four surgeries on the effected shoulder. (*Id.* at p. 7 of 42).  After a second surgery in 1996, Mr. Brantner alleges that he was in "constant pain" and attended a "battery of x-rays, MRI's, and examinations" until his third surgery in 1998.  (*Id.* at pp. 7-8 of 42).  Directly after Mr. Brantner's third surgery, he received a letter from the physician communicating his opinion that Mr. Brantner should either have a "transplant [of] a cadaver joint" or "have the shoulder joint frozen in place permanently." (*Id.* at p. 8 of 42).  Mr. Brantner alleges that after the DOC was made aware of the available options, he was never offered an opportunity to pursue either procedure. (*Id.*).  Mr. Brantner experienced several complications with his left arm, including circulatory problems, discoloration and frequent dislocation of the shoulder. (*Id.*).  In 2007, he underwent a fourth surgery on the shoulder that allegedly resulted in further complications and extended stays in the hospital, and subsequently the DOC infirmary.  (*Id.* at p. 9 of 42).

Mr. Brantner alleges that he remains in pain and in need of corrective surgery. (*Id.* at p. 11 of 42).  Additionally, he alleges that "at some point a Physician Assistant put in a request for a shoulder joint replacement that was *approved* by the DOC medical insurance carrier but the DOC allowed the approval to lapse without surgery being performed when they were apprised of the Plaintiff's serious medical condition." (*Id.* at

p. 10 of 42). Mr. Brantner claims that "the DOC has done nothing and this lack of action equates 'deliberate indifference.'" (*Id.* at p. 11 of 42). He claims that his constitutional rights have been violated by the "failure of prison officials to act when acutely apprised by the numerous medical personal [sic] and Plaintiff." (*Id.*). Mr. Brantner asserts an Eighth Amendment violation on the grounds that the "[DOC] and all the Defendants . . . have at some temporal junction, been involved, and are a specific part of the intentional denial of the serious medical needs of the Plaintiff." (*Id.* at p. 14 of 42) (emphasis omitted).

II.   Defendant's Motion to Dismiss

A.   Standard of Review

A motion under Rule 12(b)(6) calls for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint "must include enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citations omitted). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

The court must construe Mr. Brantner's pleadings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B. Analysis

Mr. Brantner brings his SAC pursuant to 42 U.S.C. §1983. Mr. Brantner initially brought the SAC against Defendants Governor Bill Ritter, Zavaras, Barry Pardus, Jane and John Does, and Deborah Montoya. (*See* doc. # 9 at pp. 1-2 of 42). Senior District Judge Zita Weinshienk held that "Defendants such as Governor Bill Ritter, Barry Pardus, Deborah Montoya, or the Jane and John Does, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position." (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate

Judge" (filed Aug. 17, 2009) (doc. #11) at p. 3 of 5)). Because Mr. Brantner's complaint failed to allege the personal participation of those Defendants, they were dismissed. (*Id.* at p. 4 of 5). Defendant Zavaras is the only remaining Defendant. Mr. Brantner sues Defendant Zavaras in his official and individual capacities. (*See* doc. # 9 at p. 1 of 42).

1. Liability under § 1983 of Defendant Zavaras in his Individual Capacity

To the extent Mr. Brantner sues Defendant Zavaras in his individual capacity, he is "seek[ing] to impose personal liability upon a government official for actions [taken] under color of state law." *Kentucky v. Graham*, 473 U.S. at 165. In order to establish a claim for personal liability under § 1983, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166. The primary threshold for the plaintiff in a personal capacity suit is to establish that the state actor was personally involved in the deprivation of that right. *See Ghallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that personal participation is an essential allegation in a civil rights action).

A plaintiff may not bring a personal capacity suit under § 1983 on the basis of mere supervisory status. *See Ghallagher*, 587 F.3d at 1069 (stating that "[s]upervisory status alone does not create § 1983 liability.") (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)). "Rather, there must be 'an affirmative link ... between the

constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'" *Id.* (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

Aside from the appearance of his name on the list of defendants, there is no mention of Defendant Zavaras in the factual allegations of the SAC. (*See* doc. # 9). Mr. Brantner does not allege that Defendant Zavaras' exercise of control was connected to the constitutional injury, or that his personal direction or failure to supervise was linked to such an injury. The SAC fails to address whether Defendant Zavaras was even aware of Mr. Brantner's injury or subsequent treatment.

Although Mr. Brantner does not specifically allege how Defendant Zavaras was personally involved in the constitutional violation, he appears to take the position that Defendant Zavaras' status as supervisor and director of the DOC is the source of his liability. (*See* doc. # 9 at p. 3 of 42 (stating that "Ari Zavaras is directly responsible for oversight of his employees and that they comply to [sic] all laws[.]")). Mr. Brantner also refers to the "DOC" repeatedly as taking actions that were allegedly adverse to his rights. (*See* doc. # 9 at pp. 8, 11, 28 of 42). He stated at one point that "medical procedures, as needed, were approved by the DOC medical insurance coverage and the DOC Defendants still refused to take appropriate corrective measures." (*See* doc. # 9 at p. 11 of 42). To the extent these allegations were meant to indicate that Defendant Zavaras' participation is implicit in his supervisory position over the DOC, there is no respondeat superior liability for a § 1983 claim. *See Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996). Even when viewed in the light most favorable to Mr. Brantner, general references to the

"DOC" and to "the defendants" may not provide substitutes for the specific, personal participation of Defendant Zavaras.

Without facts alleging an affirmative link between Defendant Zavaras' conduct and Mr. Brantner's alleged constitutional violation, the SAC fails to establish "an affirmative link . . . between the constitutional deprivation and . . . the supervisor[.]" *Ghallagher*, 587 F.3d at 1069 (quoting *Green*, 108 F.3d at 1302). The face of Mr. Brantner's SAC fails to satisfy an essential requirement of his § 1983 claim. *See Mitchell*, 80 F.3d at 1441. Due to this deficiency, the SAC falls short of the pleading standards that the court must apply. Because Mr. Brantner fails to allege that Defendant Zavaras personally participated in the allegedly unconstitutional conduct, and because supervisory status alone does not equate to liability, Defendant Zavaras in his individual capacity is properly dismissed.

2. Liability under § 1983 of Defendant Zavaras in his Official Capacity

To the extent Mr. Brantner sues Defendant Zavaras in his official capacity, he is actually attempting to impose liability on his employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Absent considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal court.  *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  Thus, any claim for money damages brought against Defendant Zavaras in his official capacity is barred by the Eleventh Amendment.  *Edelman*, 415 U.S. at 663.

In addition to monetary damages, Mr. Brantner seeks what may constitute prospective injunctive relief in the form of "Declaratory Judgment to prevent this scenario to any other individual(s) who may be '*similarly situated*' henceforth and retroactive [sic]."  (*See* doc. # 9 at p. 21 of 42).  Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official).  *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. at 167 n. 14);  *Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an

8

ancillary effect on the state treasury") (citing *Ex parte Young*, 209 U.S. 123 (1908); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) ("Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court."), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

At the time Mr. Brantner filed this lawsuit, he was on parole and no longer incarcerated at the DOC. Mr. Brantner's request for declaratory relief falls squarely within the mootness doctrine, as any injunctive relief directed to Defendant Zavaras would have no practical impact now that Mr. Brantner is no longer in the custody of the DOC. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Perez v. Secretary of Health, Education, and Welfare*, 354 F. Supp. 1342, 1346 (D.P.R. 1972) (a request for injunctive relief is generally moot where "the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties").

Here, Defendant Zavaras is under no obligation to provide the declaratory relief sought because Mr. Brantner is no longer incarcerated in the DOC. *See, e.g., McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release to parole from prison generally moots claims for injunctive relief); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer to another prison mooted his claims for

injunctive and declaratory relief); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (deeming claims for prospective injunctive relief moot in light of inmate's release on parole); *Woulard v. Food Service*, 294 F. Supp. 2d 596, 602 (D. Del. 2003) (inmate's transfer from state prison to federal prison mooted his claim for injunctive relief against state prison officials pursuant to § 1983). Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Brantner will be subjected to this conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). In sum, Mr. Brantner's request in the SAC for declaratory relief is moot.

Accordingly, IT IS RECOMMENDED that:

1.  Defendant Zavaras' Motion to Dismiss (filed Oct. 23, 2009) (doc. # 16) be GRANTED and this civil action be dismissed.

2.  In light of the court's recommendation on Defendant Zavaras' Motion to Dismiss, "Plaintiff's [Renewed] Motion for Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56(a)(1); (c); *et seq*. and D.C.COLO. LCivR 56.1 [sic]" (filed December 2, 2009) (doc. # 20) be DENIED.

3. In light of the court's recommendation on Defendant Zavaras' Motion to Dismiss, Defendant Zavaras' "Motion to Strike Plaintiff's Renewed Motion for Summary Judgment . . ." (filed December 28, 2009) (doc. # 22) be DENIED AS MOOT.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of April, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge